UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN BULTHOUSE, individually and as Personal Representative of the Estate of Paul Bulthouse,<br>　　　　　　　　　Plaintiff,<br><br>-v-<br><br>COUNTY OF MUSKEGON, *et al.*<br>　　　　　　　　　Defendants. | No. 1:21-cv-281<br><br>Honorable Paul L. Maloney |

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT AND TO APPROVE DISTRIBUTION OF PROCEEDS

Plaintiff John Bulthouse and Defendants reached two settlement agreements, one with the defendants associated with Muskegon County and the other with the defendants associated with Wellpath LLC. Plaintiff filed an amended motion asking the Court to approve the settlements and the approve the proposed distribution of funds. (ECF No. 51.) The Court held a hearing on the motion. (ECF No. 54.) Because three of the named defendants were not included in the proposed settlement, Plaintiff has filed supplemental documents releasing those three defendants. (ECF No. 58-1 and ECF No. 60.) The Court will grant the motion.

This lawsuit was filed in federal court on the basis of a federal question. Under a Michigan statute, the Wrongful Death Act, where a lawsuit is brought that involves the death of a person caused by the wrongful act of another, the court where the action is filed must approve any proposed settlement and also must approve the distribution of proceeds. Mich. Comp. Laws § 600.2922 (5) and (6)(a). The Sixth Circuit Court of Appeals has found that

the procedures outlined in the state statute must be followed for § 1983 actions involving the death of an individual and the lawsuit is filed in federal court. *See, e.g., Robinson v. Fiedler*, 91 F.3d 144 (6th Cir. 1996) (unpublished table opinion) (affirming *Robinson v. Fiedler*, 870 F. Supp. 193 (W.D. Mich. 1994) (Quist, J.)). Under federal law, the decision to approve or reject a settlement falls within the discretion of the district court. *See Rusiecki v. City of Marquette*, 64 F. App'x 936, 937 (6th Cir. 2003).

The Court has reviewed the record and the releases and concludes that Plaintiff has met the procedural requirements for state statute.[1] The Court will approve the proposed settlements. Plaintiff has stated that the Estate does not have any outstanding claims for funeral, burial, medical or hospital expenses. Plaintiff has stated that the Estate does not seek any proceeds for conscious pain and suffering of the decedent. The Court will also approve the proposed distribution of funds. As personal representative, Plaintiff attests to the appropriateness of the proposed costs and attorney fees. The Court finds the proposed distribution of the remaining funds to be fair and equitable.

Accordingly, the Court **GRANTS** Plaintiff's amended motion to approve wrongful death settlement and the distribution of proceeds. (ECF No. 51.) **IT IS SO ORDERED.**

Date: May 27, 2022 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

[1] In the Court's experience, when the parties negotiate a settlement agreement, all of the parties sign the agreement, which functions as a contract. Here, Plaintiff filed releases, which only he signed. Defendants have not expressed any concern about this approach.